WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-02310-002-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Mercedes Salazar-Valenzuela, | |
| Defendant. | |

Defendant Mercedes Salazar-Valenzuela is an inmate with the Federal Bureau of Prisons ("BOP"). Proceeding pro se, she has filed a two-page motion for compassionate release under 18 U.S.C. § 3582(c). Doc. 246. The Federal Public Defender's Office has filed a notice stating that there is no basis for appointment of counsel. Doc. 247. For reasons stated below, the Court will deny the motion.

**I.      Background.**

In September 2012, Defendant pled guilty to conspiring to possess more than eight kilograms of methamphetamine with the intent to distribute the drug in violation of 21 U.S.C. §§ 841 and 846. Docs. 115, 116. She was sentenced to 17.5 years in prison in January 2013. Doc. 215.

Defendant has served about 11 years of her sentence. *See* Doc. 246 at 1. She presently is confined at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"). *See id.* at 3; Federal Bureau of Prisons ("BOP"), *Find an Inmate*, https://

www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Aug. 2, 2022). Her earliest projected release date is November 29, 2026.  *See id.*

**II.     Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.**

"District courts can modify prison sentences only in limited circumstances set out by federal statute." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)).  Section 3582(c)(1), as amended by the First Step Act of 2018 ("FSA"), "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *Id.*; *see* FSA, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018).[1]

"Under § 3582(c)(1), courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted [her] administrative appeal rights of the [BOP's] failure to bring such a motion on the inmate['s] behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with 'applicable policy statements' issued by the United States Sentencing Commission." *United States v. Burnett*, No. CR17-0029JLR, 2022 WL 2440079, at *2 (W.D. Wash. July 2, 2022) (citing § 3582(c)(1)(A)(i)).[2] Section 3582(c)(1)(A) "also instructs the court to consider the sentencing factors set forth

---

[1] "Although relief under § 3582(c) is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).  Defendant does not request that her sentence be reduced by a certain number of months or years, but instead seeks a time-served sentence. *See* Doc. 246 at 1-2.

[2] There is no Sentencing Commission policy statement specifically applicable to § 3582(c)(1)(A) motions filed by defendants.  The policy statements that apply to such motions filed by the BOP "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The relevant policy statement provides that a defendant may be eligible for compassionate release if "extraordinary and compelling reasons warrant the reduction"; the "defendant is not a danger to the safety of any other person or to the community"; and the "reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13; *see also id.* cmt. n.1 (outlining four categories of circumstances that may constitute "extraordinary and compelling reasons" for compassionate release – serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons").

in 18 U.S.C. § 3553(a) when deciding whether a reduction in sentence is appropriate." *Burnett*, 2022 WL 2440079, at *2.

### III.   Defendant's Motion.

The burden rests with Defendant "to provide proof that she has met the exhaustion criteria set forth in § 3582(c)(1)(A) and to establish that 'extraordinary and compelling reasons exist' to warrant her release." *United States v. Packard*, No. 19CR3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021). Defendant does not state whether she has attempted to satisfy § 3582(c)(1)(A)'s exhaustion requirement by having filed a request for compassionate release with the warden at FDC Honolulu. *See* Doc. 246. Thus, the Court cannot grant Defendant relief under § 3582(c), as amended by the FSA. *See United States v. Navarro-Ramirez*, No. CR-16-00728-001-PHX-GMS, 2022 WL 2356764, at *2 (D. Ariz. June 30, 2022) (denying compassionate release where the defendant "[did] not provide any information concerning whether he exhausted administrative remedies with the warden of his facility"); *United States v. Anderson*, No. 2:07-CR-00096-KJM, 2021 WL 4206838, at *1 (E.D. Cal. Sept. 16, 2021) ("As Mr. Anderson did not exhaust his administrative remedies with the [BOP] before his renewed motion, the court denies his motion for compassionate release.").

Defendant also fails to establish "extraordinary and compelling reasons" warranting compassionate release. She claims that she contracted COVID-19 in December 2021 and suffers from the following ailments: respiratory issues requiring rest throughout the day; internal ailments and difficulty holding food down; chronic internal pain; chronic pelvis hernia; and a tumorous growth on her right shoulder. Docs. 246 at 1, 249 at 2. But Defendant's BOP medical records indicate that these ailments are being treated with over-the-counter medications and that the tumor is not cancerous. Doc. 247 at 3. Defendant has presented no evidence showing that her ailments are not being adequately treated by BOP medical staff or are severe enough to warrant compassionate release.

Additionally, Defendant already has contracted COVID-19. While reinfections do occur, the Centers for Disease Control and Prevention ("CDC") has found that "[a]fter

recovering from COVID-19, most individuals will have some protection from repeat infections." CDC, *Reinfections and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Aug. 2, 2022). Courts in this circuit "have held that 'the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.'" *United States v. Nash*, No. CR-03-00059-PHX-JAT, 2021 WL 1969729, at *2 (D. Ariz. May 6, 2021) (quoting *United States v. Ris*ley, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020)); *see United States v. Purry*, No. 2:14-cr-00332-JAD-VCF-1, 2020 WL 5909793, at *2 (D. Nev. Oct. 6, 2020) (denying compassionate release where the defendant failed to show that he would be "more susceptible to the virus a second time"). The Court finds that the chance of a COVID-19 reinfection "simply does not meet the bar for an extraordinary and compelling reason warranting release." *United States v. Ieremia*, No. 16-CR-00744-DKW-1, 2021 WL 67313, at *4 (D. Haw. Jan. 7, 2021); *see United States v. Logan*, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted – and beaten – the virus.").

What is more, Defendant is now fully vaccinated against COVID-19. *See* Doc. 246 at 1. Defendant's vaccination significantly mitigates her risk of becoming severely ill from COVID-19, and the chance of contracting COVID-19 a second time does not present an extraordinary and compelling reason to grant compassionate release. Indeed, "[m]any courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions." *United States v. Hayes*, No. 4:17-CR-00289-DCN, 2021 WL 2533517, at *3 (D. Idaho June 21, 2021) (citations omitted); *see Nash*, 2021 WL 1969729, at *1 (denying compassionate release to a vaccinated defendant even though he was overweight and suffered from chronic medical conditions); *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) (finding that because the defendant already had "been infected and vaccinated, her chronic medical conditions . . .

do not amount to an extraordinary and compelling reason to warrant compassionate release"); *United States v. Lipsey*, No. CR-07-0120800-1-PHX-GMS, 2022 WL 180725, at *2 (D. Ariz. Jan. 20, 2022) ("While Defendant's underlying medical conditions might increase his risk of contracting COVID-19 in a vacuum, they do not warrant a reduction of his sentence when viewed alongside his prior infection and vaccination status.").[3]

**IT IS ORDERED:**

1. Defendant motion for compassionate release (Doc. 246) is **denied**.[4]

2. Defendant's motion for leave to file her response brief (Doc. 249) is **granted**.[5]

Dated this 3rd day of August, 2022.

David G. Campbell
Senior United States District Judge

---

[3] Because Defendant has not established the requisite extraordinary and compelling reasons, the Court need not decide whether the factors set forth in § 3553(a) support compassionate release or whether Defendant poses a danger to the community. *See* Doc. 246 at 2; *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform the sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.") (emphasis in original); *United States v. Swanson*, 857 F. App'x. 411, 412 (9th Cir. 2021) ("[A] district court may deny a compassionate release motion on the sole ground that the defendant did not show an 'extraordinary and compelling' reason for release[.]").

[4] Defendant's request that the Court allow her to serve the remainder of her sentence on home confinement (Doc. 246 at 1) is denied because the "[BOP] has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Gago*, No. 1:16-cr-00123-DAD-BAM-3, 2021 WL 2550864, at *8 n.8 (E.D. Cal. June 22, 2021) (citation omitted).

[5] The Court has considered the response in ruling on Defendant's motion for compassionate release.